UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VICTOR L. JORDAN,

 Plaintiff,

 v.            CAUSE NO. 3:23-CV-387-DRL-MGG

RUIZ *et al.*,

 Defendants.

## OPINION AND ORDER

Victor L. Jordan, a prisoner without a lawyer, filed a complaint. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Jordan alleges that, on April 27, 2023, he had just been released from an emergency restraint chair (ERC). Mr. Jordan told Deputy Mason and Deputy Szerlak that he had not yet been given recreation. The deputies told him that he wouldn't receive recreation because he had just been removed from the ERC. Mr. Jordan took issue with this and asked to see a supervisor. Deputy Mason told him that isn't how it works and made no effort to find a supervisor. When it became clear that Mr. Jordan would not receive recreation that day, he indicates he had a mental breakdown and pressed the

button to inform staff that he was having a medical emergency.[1] Deputy Mason then turned off Mr. Jordan's water, claiming it was at the direction of Lt. Holt.[2] Mr. Jordan indicated he was suicidal, and he asked to be placed back in the ERC. He was placed in "Code 9" gear and removed from his cell. Once outside the cell, cuffed, and not resisting, Deputy E. Long allegedly told Mr. Jordan to stop resisting, slammed his head into a wall, and pushed his face into the ground. Deputy Ruiz twisted Mr. Jordan's arm behind his back.

Under the Eighth Amendment, prisoners can't be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Jordan the benefit of the inferences to which he is entitled at this stage of the case, he states a plausible Eighth Amendment claim against Deputy Long and Deputy Ruiz. However, Mr. Jordan's request that they be

---

[1] It is unclear if Mr. Jordan is attempting to state a claim based on the denial of recreation on April 27, 2023. The extent that was his intention, he can't proceed on that claim. A one-day ban on recreation doesn't implicate constitutional concerns. Though a total lack of exercise would state a claim where "movement is denied and muscles are allowed to atrophy," *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), the denial of "desirable, entertaining diversions . . . [do] not raise a constitutional issue," *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988). *See also Douglas v. DeBruyn*, 936 F. Supp. 572, 578 (S.D. Ind. 1996).

[2] Mr. Holt was not named as a defendant.

2

criminally charged must be denied. Mr. Jordan can't force the county prosecutor's office to bring charges against Deputy Long and Deputy Ruiz, nor can he himself initiate state or federal criminal charges, as that is the purview of law enforcement officials. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General.").

Deputy Mason and Deputy Szerlak allegedly watched Deputy Long and Deputy Ruiz use excessive force against Mr. Jordan, and he believes they should have intervened. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Here, it can't be plausibly inferred that the alleged unconstitutional actions of Deputy Long and Deputy Ruiz lasted sufficiently long for Deputy Mason or Deputy Szerlak to intervene. Therefore, Mr. Jordan hasn't stated a claim for failure to intervene against Deputy Mason or Deputy Szerlak.

Mr. Jordan indicates he filed a prior PREA complaint against Deputy Long, and he suggests that Deputy Long's actions were retaliatory. "To prevail on his First Amendment retaliation claim, [Mr. Jordan] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least

3

a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotations and citations omitted). However, Mr. Jordan provided no details regarding when he filed the complaint or why he believes the filing of the PREA complaint was a motivating factor in the decision to use force against him on April 27, 2023.

Dr. Tchapet treated the injuries Mr. Jordan sustained during his encounter with Deputy Long and Deputy Ruiz on at least two occasions. Dr. Tchapet provided pain medication and ordered an x-ray. On May 17, 2023, Dr. Tchapet agreed to send Mr. Jordan to a specialist. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted

4

professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Neither negligence nor medical malpractice constitute deliberate indifference. *Estelle*, 429 U.S. at 106. Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotations omitted). Mr. Jordan hasn't pled facts from which it can be plausibly inferred that Dr. Tchapet's decisions regarding his care weren't based on his medical judgment. At best, the facts suggest negligence or malpractice, but they don't suggest deliberate indifference. Therefore, Mr. Jordan can't proceed against Dr. Tchapet.

Mr. Jordan also filed a motion for a temporary restraining order. ECF 5. As noted, Mr. Jordan is only proceeding on a claim against Deputy Ruiz and Deputy Long for using excessive force on April 27, 2023. The motion for temporary restraining order asks that Mr. Jordan be released or transferred to another county jail. Jordan suggests that there is an ongoing pattern of abuse occurring and he does not feel safe, but the complaint does not allege facts that support this. The mere possibility of future harm is far too speculative to warrant a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be

5

awarded upon a clear showing that the plaintiff is entitled to such relief."). Furthermore, "prison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotations, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is just the type of decision that is squarely within the discretion of prison officials. The facts presented here don't warrant an intrusion upon that discretion. Therefore, the motion for temporary restraining order will be denied.

For these reasons, the court:

(1) DENIES the motion for temporary restraining order (ECF 5);

(2) GRANTS Victor L. Jordan leave to proceed against Deputy Ruiz and Deputy E. Long in their individual capacities for compensatory and punitive damages for using excessive force against Victor L. Jordan on April 27, 2023, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Deputy Mason, Deputy Szerlak, and Dr. Tchapet;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Deputy Ruiz and Deputy E. Long at LaPorte County Sheriff's Department, with a copy of this order and the complaint (ECF 6);

(6) ORDERS LaPorte County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who doesn't waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Deputy Ruiz and Deputy E. Long to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

June 12, 2023

*s/ Damon R. Leichty*
Judge, United States District Court